REED, BROS. & CO. v. TAYLOR <em>et al.</em>

Bankrupt laws; STATE INSOLVENT LAWS: JURISDICTION. The enactment of the Federal bankrupt law of 1867 did not operate to nullify, supersede, or wholly suspend the insolvent laws of the several States; and jurisdiction may be exercised under the State laws, at least until the jurisdiction of the Federal court has been called into exercise. DAY, J., dissenting.

<em>Appeal from Pottawattamie District Court.</em>

FRIDAY, JULY 28.

ORDINARY action by plaintiffs against Shubael L. Taylor, upon an acceptance for $561.95. A writ of attachment was asked for and issued; it was placed in the sheriff's hands on the 26th day of October, 1869, and on the same day was levied by him upon the east half of the north-east quarter, and the north-west quarter of the north-east quarter of section 4, township 77, range 38 west, as the property of the defendant.

On the 7th day of December, 1869, the appellant, E. B. Hamilton, filed in said cause, his petition of intervention, alleging, that on the 25th day of October, 1869,

at Quincy, Illinois, the defendant Shubael L. Taylor made a deed of general assignment to said intervenor of all his property, real and personal, including that attached in this action, for the use and benefit of all his creditors *pro rata* —a copy of the deed of assignment is annexed as an exhibit. Also alleging that on the same day, the said Taylor, by deed of quitclaim, conveyed to said intervenor all his real estate, including that attached in this action, in trust, to sell and pay over proceeds to all his creditors *pro rata*, which deed was duly recorded in Pottawattamie county on the 27th day of October, 1869 — a copy is also annexed as an exhibit.

The court sustained a demurrer to this petition for intervention, on the ground that the assignment, under which the intervenor claims the attached property, is void, under the act of congress approved March 2, 1867, establishing a uniform system of bankruptcy throughout the United States. The intervenor appeals.

*Baldwin & Wright* for the appellants.

*Clinton, Hart & Brewer* for the appellees.

Cole, J. — This is a contest between attaching creditors on the one hand, and an assignee of all the property of the debtor for the benefit of all his creditors *pro rata*, upon the other hand. No proceedings have been instituted under the United States bankrupt law. The case presents, then, very fairly, the single question whether the enactment of the Federal bankrupt law operated to nullify, supersede or suspend all the State insolvent laws? The district court held that it did.

The authorities are in conflict, and we state briefly the following cases under the bankrupt law of 1867. In *Sedgwick, assignee,* v. *Place,* 1 Bankrupt Reg. 204, before Justice Nelson, in circuit court of southern district of New

York, the debtors had made an assignment under the New York insolvent law, and were afterward declared bankrupts ; the assignment was held valid, and the court refused to order assignees, under the State law, to turn the property over to the assignees in bankruptcy, thus recognizing the continued force and vitality of the State law. Substantially to the same effect is the case of *Sedgwick, assignee,* v. *Minck et al.,* decided by the same court and by Justice NELSON, 1 Bank. Reg. 204. So, also, *In re Hugh Campbell,* 1 Bank. Reg., supplement, p. 36 ; S. C., 7 Am. Law Reg. (N. S.) 100, decided in United States district court of Pennsylvania, western district, by McCANDLESS, J.; also *In re Wm. Burns,* decided by same court, 7 Am. Law Reg. (N. S.) 105.

*In re George A. Hawkins et al.,* in supreme court of Connecticut, 2 Bank. Reg. 122, it was *held,* that a voluntary assignment by a debtor under the insolvent law of the State was valid, although the United States bankrupt act was in existence and applicable to the case at the time of the assignment. Opinion by CARPENTER, J., concurred in by the whole court. *Langley* v. *Perry,* 2 Bank. Reg. 180, was a case in the United States circuit court, southern district of Ohio, before Justice SWAYNE, on appeal from the decision of Leavitt, district judge, and in which the judgment of the United States district court, holding that when an assignment was made under a State insolvent law, and the debtor was shortly afterward forced into bankruptcy, that the United States courts could rightfully take jurisdiction of the whole matter, was reversed. See the case as decided by Judge LEAVITT. *Perry* v. *Langley,* 7 Am. Law Reg. (N. S.) 429.

And in *Clark* v. *Bininger,* 9 Am. Law Reg. 304, which was a case in the superior court of New York, it was *held,* that when the jurisdiction of the State court had attached and the property had passed into the hands of a receiver, under its order, the jurisdiction was not disturbed by a

subsequent adjudication of bankruptcy of the parties, and that the title of the receiver is superior to that of the assignee in bankruptcy.   See, also, as sustaining the jurisdiction of the State courts, *Appeal* of *Creig, Riddle and John Hunter, etc.,* supreme court of Pennsylvania, May, 1871, vol. 1 (N. S.), vol. 18 (O. S.), 302, Pittsburgh Legal Journal of date June 28, 1871, § 2; *Cole* v. *Duncan,* in supreme court of Illinois, 3 Chicago Legal News, 323 (July 8, 1871).

On the other hand the following cases hold very squarely that the exercise by congress of its constitutional power to enact a uniform system of bankruptcy, repeals the insolvent laws of each particular State.   *Meekins, Kelly & Co.* v. *Their Creditors,* in supreme court of Louisiana, 19 La. 497; S. C., 3 Bank. Reg. 126; *Thornhill* v. *The Bank, etc.,* in United States district court for Louisiana, DURRELL, J., 3 Bank. Reg. 110; *Day* v. *Bardwell,* in supreme court of Massachusetts, 27 Mass.; S. C., 3 Bank. Reg. 115; *The Commonwealth* v. *Millingar,* in district court of Alleghany county, Pennsylvania, WILLIAMS, J., 1 Bank. Reg., page 19 of supplement; S. C., 6 Am. Law Reg. (N. S.) 765; *Martin* v. *Berry,* in supreme court of California, 2 Bank. Reg. 188, (*semble*) *Van Nostrand* v. *Barr,* in court of appeals of Maryland, 2 Bank Reg. 154; *Cassard* v. *Kroner,* in city court, Baltimore, Maryland, 4 Bank. Reg. 185.

The same conflict existed during the continuance in force of the United States bankrupt law of 1841.   See, as maintaining that the State laws were still in force and operative, *Zeigenfuss' Case,* 2 Iredell's Law (N. C.), 463; *Clark* v. *Rist,* 3 McLean, 494; and in James' Bankrupt Law, p. 9, it is said that, since the law of 1841, it has been held that a State insolvent law may exist in full vigor so far as it does not impede the operation of the bankrupt law of congress.

On the other hand, it was *held,* that the taking effect of the national bankrupt law of 1841, *ipso facto,* suspended the State insolvent laws.   *Ex parte Eames,* 2 Story's C. C.

322; *Blanchard* v. *Russell*, 13 Mass. 1; *Griswold* v. *Pratt*, 9 Metc. 16, and the several other cases referred to in them.

This question can only be determined authoritatively by the supreme court of the United States. It has already undergone elaborate and exhaustive discussion by the courts in determining the cases cited *supra*, and it is needless for us further to discuss it here. In our view, the weight of authority under the law of 1867 is in support of the exercise of jurisdiction under the State laws, certainly until the jurisdiction of the Federal courts has been called into exercise; and, therefore, that the national bankrupt law does not wholly suspend the State laws. We also think this sound in principle and conducive to the economical and speedy administration of justice.

Reversed.

DAY, Ch. J., dissenting.